Goodman Law PLLC
P.O. Box 90758
Phoenix, Arizona 85066
Telephone: (602) 476-1114
Facsimile: (602) 218-5024
Jeremy M. Goodman—025859
jeremy@goodmanlawpllc.com

Attorneys for Bankers Healthcare Group, LLC

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case Number: 2:18-bk-04969-EPB |
| Michael N. Desvigne, | (Chapter 7) |
| Debtor. | |
| Bankers Healthcare Group, LLC, | Adv. Case Number: 2:18-ap-_____-EPB |
| Plaintiff, | BANKERS HEALTHCARE GROUP, LLC'S COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. § 523 |
| vs. | |
| Michael N. Desvigne, | |
| Defendant. | |

COMES NOW Bankers Healthcare Group, LLC (the "Plaintiff" or "BHG"), a creditor and party-in-interest in the above-styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case") of debtor Michael N. Desvigne (the "Defendant" or "Desvigne"), filing this Complaint to Determine the Dischargeability of a Debt under 11 U.S.C. § 523 (the "Complaint") and commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of the Complaint, BHG states as follows:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Bankruptcy Case and the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of the Bankruptcy Case and the Adversary Proceeding is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. BHG consents to the Court's entry of final orders or judgment in the Adversary Proceeding. *See* Fed. R. Bankr. P. 7008.

## II. PARTIES

4. Plaintiff BHG is a creditor of Defendant and party-in-interest in the Bankruptcy Case and can be served through its undersigned counsel of record.

5. Defendant Desvigne is an individual residing at 30718 N. 126th Lane, Peoria, Arizona 85383 and is the Chapter 7 Debtor in this case. Defendant may be served with process in this Adversary Proceeding at that address or at such other place as she may be found. *See* Fed. R. Bankr. P. 7004(b)(9).

## III. BACKGROUND

6. Desvigne is a plastic surgeon and one-hundred percent (100%) owner and managing member of MD Health Services, LLC ("MD"), a limited liability company incorporated in the State of Arizona on February 26, 2013. MD is an insider of the Debtor as defined in 11 U.S.C § 101(31)(A).

7. On or about December 31, 2014, BHG and MD entered into that certain Financing Agreement (Limited Liability Company) Promissory Note/Security Agreement/Personal Guaranty (as subsequently amended or supplemented, and collectively, the "Loan Documents") whereby BHG agreed to make a loan (the "Loan") of certain funds to MD

in the original stated amount of $277,995.00 in exchange for MD's agreement to repay BHG's principal and interest payments over 120 months.

8. MD received net loan proceeds (the "Loan Proceeds") from BHG in the amount of $102,371.62.

9. The Loan is secured by a blanket lien on all of MD's assets.

10. As further consideration for the Loan to MD, Desvigne executed an absolute and unconditional personal guaranty (the "Guaranty") of MD's obligations under the Loan Documents.

11. Desvigne, as managing member of MD, submitted written loan application documents (collectively, the "Loan Application") to BHG in an effort to obtain the Loan. In connection with the Loan Application, Desvigne made, *inter alia*, the following written representations to BHG:

   (a) Desvigne had personal checking/savings accounts worth $60,000;

   (b) Desvigne had business checking/Savings accounts worth $100,000;

   (c) In addition to a $146,315 existing debt to BHG, Desvigne also owed an additional $440k in equipment loans;

   (d) Desvigne owned stocks/bonds/IRA/401k totaling $120,000;

   (e) Desvigne's annual personal income was $587,563;

   (f) Desvigne owed a primary residence worth $700,000;

   (g) Desvigne owed rental/investment property worth $1,200,000;

   (h) Desvigne represented that the value of his medical practice was $12,000,000.

12. Additionally, in applying for the Loan on behalf of MD, Desvigne executed that certain Statement of Intended Primary Purpose of the Loan dated December 31, 2014 (the "Statement of Intended Purpose") stating, *inter alia*, that (i) the Loan was a "commercial loan,"

3

Case 2:18-bk-04969-EPB    Doc 79    Filed 10/02/18    Entered 10/02/18 15:20:35    Desc
Main Document    Page 3 of 10

1  (ii) the Loan Proceeds were to be used "primarily for other than personal, family, or household purposes," and (iii) the specific business reason for the Loan was for the use of "debt consolidation and practice expansion."

13. Defendant made these representations in order to induce BHG to extend the Loan and BHG relied on Defendant's representations.

14. The last payment made on the Loan was in February 2018, and the Loan is currently in default and due for the March 2018 payment and thereafter.

15. On May 3, 2018 (the "Petition Date"), Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

16. According to his Statement of Financial Affairs (the "SOFA"), Defendant has made $82,004.97 already this year, Defendant made $545,525.79 in income in 2017 and $387,491.16 in income in 2016,[1] yet Defendant is now in a Chapter 7 bankruptcy.

17. In addition, according to his Schedules, Defendant's primary residence has dropped in value to $564,722,[2] which constitutes a nearly $150,000 loss from the amount stated in Defendant's Loan Application submitted to BHG.

18. Furthermore, according to his Schedules, Defendant's rental/investment properties are worth an unknown value,[3] which is inexplicably different from the $1,200,000 value stated in Defendant's Loan Application submitted to BHG.

19. Also, according to his Schedules, Defendant's personal property includes a yacht valued at $215,000.[4] While the Debtor has apparently owned this yacht since 2007 (and

---

[1] Statement of Financial Affairs, § 2 [Bankr. Dkt. 1; 05/03/18].
[2] Schedule A/B, § 1 [Bankr. Dkt. 1; 05/03/18].
[3] Id.

4

apparently still owes Keybank $310,000 for it according to his schedules), the Debtor did not list this asset in the Loan Application he submitted to BHG.

20. Lastly, according to his Schedules, Defendant owns stock in eleven (11) various LLCs that fail to list his percentage ownership and are all valued at $0. MD is included on this list and is also valued at $0.[5] Thus, the Debtor's medical practice, which is presumably encompassed within these businesses and which he previously claimed was worth $12,000,000, is now apparently worth nothing.

21. According to Defendant's Schedule I, he currently earns monthly income of $16,000, which he claims is "not regular".[6]

22. Upon information and belief, MD never underwent the "debt consolidation" and "practice expansion" as Defendant represented and upon which BHG relied upon in extending the Loan. There is no known explanation for where the Loan Proceeds went or on what they may have been spent. From Defendant's bankruptcy filings, it appears that Desvigne improperly used the business Loan Proceeds for non-business purposes, including but not limited to, paying funds to himself, and paying for losses from his various investment properties or to setoff losses from businesses other than MD.

23. On or about June 18, 2018, BHG filed Proof of Claim Number 2 in Defendant's Bankruptcy Case based on Desvigne's Guaranty of the Loan to assert a claim in the amount of $234,387.01 (the "Claim"). It is unclear whether MD owns any assets that would secure BHG's Claim, but BHG assumes not in light of the Debtor's $0 valuation of MD. With that said, the Debtor notes that various creditors hold liens against equipment in his schedules.

---

[4] Id.
[5] Id.
[6] Schedule I, § 2 [Bankr. Dkt. 1; 05/03/18].

5

## IV. CLAIMS

### COUNT 1

### NONDISCHARGEABILITY OF PREPETITION CLAIM PURSUANT TO 11 U.S.C. § 523(a)(2)(B)

24. BHG hereby incorporates the foregoing paragraphs as if they were set forth fully herein.

25. In connection with the Loan Application, Defendant knowingly made materially false representations in writing regarding his and MD's financial condition and intended use of Loan Proceeds, on which BHG reasonably relied, and Defendant caused such statements to be published or made with the intent to deceive BHG.

26. If Defendant had been truthful in his written representations to BHG of his and MD's financial condition, then BHG never would have made the Loan to MD.

27. Defendant knew at all times hereto that the statements made to BHG regarding stated purpose of loan and financial condition were false, would induce BHG to extend the Loan, and were made with the intent for BHG to rely on same in considering to extend the Loan.

28. The representations did induce BHG to extend the Loan and as a result of such misrepresentations, BHG has been damaged in the amount of no less than $234,387.01, exclusive of costs and fees under the agreement.

29. Accordingly, BHG has performed all conditions precedent.

30. Plaintiff, BHG, requests that this Court enter an order denying the discharge of Plaintiff's claim pursuant to section 523(a)(2)(B) of the Bankruptcy Code and tax the attorney's fees and costs relating to the prosecution of this matter against Defendant, Michael N. Desvigne.

## COUNT II

### NONDISCHARGEABILITY OF PREPETITION CLAIM PURSUANT TO
### 11 U.S.C. § 523(a)(4)

31. BHG hereby incorporates the foregoing paragraphs as if they were set forth fully herein.

32. BHG's Claim arose from Defendant's embezzlement or larceny of BHG's property—namely, the Loan Proceeds made to MD, an Insider of the Defendant, pursuant to the Loan Documents.

33. Defendant engaged in the fraudulent and wrongful taking and carrying away of the Loan Proceeds with the intent to convert BHG's property for Desvigne's personal use and with the intent to permanently deprive BHG of its property.

34. As set forth with more particularity above, Defendant—without the knowledge, consent, or approval of BHG—fraudulently obtained the Loan Proceeds for a use *other than* the agreed and stated use of "debt consolidation" and "practice expansion" of MD as stated in the Statement of Intended Purpose executed by Defendant.

35. Defendant purposefully, intentionally, and fraudulently created and/or signed the Loan Application and the Statement of Intended Purpose so MD could—and did—induce BHG into extending the Loan based on the intended purpose and statements in the Loan Application. However, upon information and belief, Defendant instead intentionally and knowingly used the Loan Proceeds for his and others personal benefit and *not* for the benefit of MD. Defendant, in his capacity as managing member of MD, caused the funds lent to MD for business use, to be used for his personal use, including supporting his lavish lifestyle by paying funds to himself and offsetting losses from his various investment properties and other businesses.

36. As a result, BHG has been damaged in excess of $234,387.01, exclusive of costs and fees under the agreement.

37. BHG requests that this Court enter an order denying the discharge and exempting its Claim from discharge pursuant to section 523(a)(4) of the Bankruptcy Code.

## COUNT III

### NONDISCHARGEABILITY OF PREPETITION CLAIM PURSUANT TO 11 U.S.C. § 523(a)(6)

38. BHG hereby incorporates the foregoing paragraphs as if they were set forth fully herein.

39. BHG's Claim arose from a willful and malicious injury to BHG and/or its property caused by the acts or omissions of Defendant in connection with MD's obtaining the Loan.

40. Defendant intended that BHG and/or its property suffer the injury caused by the acts of omissions of Desvigne in MD's obtaining of the Loan. The representations were made with the willful and malicious intent to induce BHG to extend the loan.

41. There was an objective, substantial certainty of harm to BHG and/or its property because of Defendant's acts or omissions, and false statements regarding the intended use of funds and of financial conditions in MD's obtaining of the Loan.

42. Alternatively, Defendant had a subjective motive to cause harm to BHG and/or its property through Desvigne's acts or omissions in MD's obtaining of the Loan.

43. As set forth with more particularity above, Defendant intentionally, willfully, wantonly, recklessly, and/or negligently misrepresented material facts to, and suppressed information from, BHG to induce it to make the Loan to MD. Defendant, as the managing member of MD, made these misrepresentations of material fact to BHG with the knowledge

8

that they were false, or with reckless disregard for whether or not such material facts were true. These misrepresentations of material fact were made by Defendant with the intent to deceive BHG, and knowledge that it would induce BHG to extend the Loan. The representations, acts, and omissions did induce BHG to extend the Loan. As a result of Desvigne's acts and omissions, BHG suffered the damages represented by its Claim made in the Bankruptcy Case $234,387.01.

44. BHG requests this Court enter an order denying the discharge of Plaintiff's Claim pursuant to Section 523(a)(6) of the Bankruptcy Code, and tax the attorney's fees and costs relating to the prosecution of this matter against Defendant.

## V. <u>PRAYER</u>

WHEREFORE, BASED UPON THE FOREGOING, BHG respectfully requests that the Court summon Desvigne to appear and answer this Complaint, and that upon a trial of this Complaint, BHG be awarded a judgment against Desvigne for the following:

(i) A determination that the Claim is not dischargeable pursuant to 11 U.S.C. § 523(a)(2);

(ii) A determination that the Claim is not dischargeable pursuant to 11 U.S.C. § 523(a)(4);

(iii) A determination that the Claim is not dischargeable pursuant to 11 U.S.C. § 523(a)(6);

(iv) BHG's reasonable attorneys' fees and costs incurred herein;

(v) Prejudgment interest;

(vi) Post-judgment interest; and

(vii) Such additional and further relief which the Court deems just and proper and to which BHG may show itself to be justly entitled.

Dated October 2, 2018.

Goodman Law PLLC


*By/s/     Jeremy M. Goodman—025859*
    Jeremy M. Goodman
    Attorneys for Bankers Healthcare
    Group, LLC

Original of the foregoing electronically
filed on October 2, 2018, at:
https://ecf.azb.uscourts.gov


/s/ *Amey Wheeler*