SO ORDERED.

Dated: October 21, 2018

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In Re:

Michael N. Desvigne,

        Debtor.

Case No. 2:18-bk-04969-EPB

Chapter 7

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019 BETWEEN TRUSTEE AND DEBTOR**
AS AMENDED BY THE COURT

Based upon the *Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"), filed by Anthony H. Mason, Chapter 7 Trustee herein (the "Trustee"), requesting the approval of the settlement agreement between Trustee and Michael N. Desvigne ("Debtor"), with no objections being received and further good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. Granting the Motion and Approving the Settlement Agreement, as amended and

2. In full and final settlement of the claim as set forth in the Motion, the Debtor shall pay the estate the total sum of $30,000.00 to the Trustee consisting of an initial payment of $5,000.00 followed by five (5) monthly payments in the amount of $5,000.00 each to resolve the issues regarding Debtor's .01% in Nextech Holdings, LLC; the liquidation values of three (3) vehicles; Debtor's various interests in Limited Liability Companies and tradenames, owned and operated by Debtor; and a $40,000.00 transfer to a Michelle Moran as an unsecured loan to a company called Skineze, on the terms and conditions set forth in the settlement agreement.

**DATED AND SIGNED ABOVE**

## SETTLEMENT AGREEMENT

This settlement agreement and mutual release of liability (the "Agreement") is made by and between Anthony H. Mason, as Chapter 7 Trustee of the bankruptcy estate of In re: Michael N. Desvigne, Case No. 2:18-bk-04969-EPB (the "Trustee") and Michael N. Desvigne ("Debtor"). The parties hereto are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

### RECITALS

1. On or about May 3, 2018 ("Petition Date") the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code;

2. During the Trustee's review of the Debtor's financial condition, the Trustee determined there were a series of potential issues. During the Trustee's investigation, the Debtor produced a substantial amount of documents, participated in a comprehensive 2004 examination and has fully cooperated with the Trustee's ongoing investigation;

3. During his investigation the Trustee investigated the Debtor's .01% interest in Nextech Holdings, LLC and determined it is of limited liquidation value to the Bankruptcy Estate;

4. During his investigation, the Trustee investigated the Debtor's three vehicles and their respective liquidation values. After taking into consideration the exemptions claimed by the Debtor, the Trustee determined the vehicles liquidation values is approximately $11,000.00.

5. During his investigation, the Trustee investigated the Debtor's various interests in Limited Liability Companies and tradenames, owned and operated by the Debtor, including Wound Management Solutions, LLC.

6. During his investigation, the Trustee determined that on August 11, 2017, the Debtor transferred $40,000.00 to a Michelle Moran as an unsecured loan to a company called Skineze. The Debtor did not document this loan with a written agreement and the Debtor has not been able to have the unsecured loan repaid.

7. Whereas without admitting the truth or validity of any claim or defense, the Parties desire to settle all claims that the Trustee or the Estate may have regarding the issues set forth above.

### AGREEMENT

In consideration of the above Recitals and the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

A. <u>Payment of Settlement Funds.</u> Debtor shall pay the total amount of $30,000.00 to the Trustee ("Settlement Funds"). ~~Upon execution of this Agreement,~~ the Debtors shall deliver an initial payment of $5,000.00 to the Trustee.* ~~The Debtors shall pay the remaining balance of~~

*within ten (10) days of the Order granting the Motion to Approve Settlement, with all subsequent monthly payments to be paid on the same day of each month thereafter.

~~the Settlement Funds by making consecutive monthly payments in the amount of $5,000.00 beginning on September 15, 2018 and ending on January 15, 2018~~. Each monthly payment to the Trustee shall be in the form of certified funds made payable to "Anthony H. Mason, Trustee in 18-04969" Settlement Funds shall be mailed directly to the Trustee at Anthony H. Mason, PO Box 27028, Tempe, AZ 85285-7028.

      B.    <u>Approval of Agreement</u>. This Agreement is conditioned on the approval of the Bankruptcy Court. If such approval is not obtained, this Agreement shall be considered null and void and the Trustee shall return the Settlement Funds to the Debtor.

      C.    <u>Assignment of Estate's interests in Limited Liability Company and Tradenames</u>. Upon approval this Agreement as set forth below, the Trustee will execute any documents prepared by the Debtor to assign the Bankruptcy Estate's interests in MD Health, LLC, Coolsculpt Contours AZ, LLC, Desvigne Wine, LLC, Carmichael Enterprises, LLC, Akapolei, LLC, Coolsculpt Contours Chandler, LLC, Coolsculpt Contours Phoenix, LLC, Tower IV, LLC Nextech Holdings, LLC, Wound Management Solutions, LLC and the Arizona tradenames "CoolBody Contours" or "Because no Body is Perfect" to the Debtor.

      D.    <u>Abandonment of Vehicles</u>. Upon approval this Agreement as set forth below, the Trustee will formally abandon any interest in the Debtor's 2012 Jeep, 2012 Audi and 2005 Min-Cooper.

      E.    <u>Abandonment of Estate's interests in Loan to Michelle Moran</u>. Upon approval this Agreement as set forth below, the Trustee will formally abandon any interest in the undocumented unsecured loan to Michelle Moran.

      F.    <u>Abandonment of Estate's interests in Horse</u>. Upon approval this Agreement as set forth below, the Trustee will formally abandon any interest in the Debtor's Horse.

      G.    <u>Rule 9019 Motion</u>. Upon execution of this Agreement, Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Bankruptcy Rule 9019, and shall provide appropriate notice of the same as required by the Bankruptcy Rules and local rules of bankruptcy procedure, and shall actively seek the Bankruptcy Court's approval of the same.

      H.    <u>Mutual Releases</u>. The Trustee hereby, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Debtor and his attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the bankruptcy estate, except claims relating to enforcement of rights, duties or obligations under this Agreement and any Federal or State Tax Refunds that may be due to the Debtor. Trustee hereby, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Trustee and Trustee's attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the bankruptcy estate, except claims relating to enforcement of rights, duties or obligations under this Agreement.

I. **Attorneys' Fees.** Each Party hereto shall be responsible for the payment of its own costs, attorneys' fees and all other expenses incurred in connection with the Trustee's investigation and this Agreement. If any Party commences an action against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party ~~shall pay to the prevailing Party~~ as determined by the court* all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.      * may request through appropriate application to the court,

J. **Further Assurances.** The Parties to this Agreement shall execute any further or additional instruments, and they shall perform any acts which may become necessary, in order to effectuate and carry out the purposes hereof.

K. **Entire Agreement.** This Agreement contains the entire agreement and understanding among the Parties concerning the subject hereof and supersedes and replaces all prior negotiations, agreements and proposed agreements, written or oral, relating thereto. Each of the Parties hereto acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this Agreement and acknowledges that this Agreement has not been executed in reliance on any promise, representation or warranty not contained herein. This Agreement shall not be amended, modified or supplemented at any time unless by a writing executed by the Parties hereto.

L. **Opportunity to Consult with Counsel.** The Parties acknowledge that they have had the opportunity to consult with and obtain the advice of counsel prior to entering this Agreement, and have entered this Agreement voluntarily and free from coercion, duress or undue influence.

M. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the state of Arizona applicable to contracts executed and intended to be performed entirely within the state of Arizona by residents of the state of Arizona. Any action at law, suit in equity or judicial proceeding for the enforcement or interpretation of this Agreement or any provision therefore shall be instituted only in the Bankruptcy Court.

N. **Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

O. **Representation of Authority.** The signatories to this Agreement represent and warrant that they have full authority to execute this Agreement and to bind the Party on whose behalf they are signing to the provisions hereof.

P. **Severability.** Should any portion of this Agreement be ruled unenforceable or invalid, such ruling shall not affect the enforceability or validity of the remaining portions of this Agreement.

3

Q. <u>Headings</u>. Article and section headings are inserted herein solely for convenience and the same shall not by themselves alter, modify, limit, expand or otherwise affect the meaning of any provision of this Agreement.

R. <u>Assignment and Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns; provided, however, that nothing herein shall relieve any Party of any obligation under this Agreement, except upon the express written consent of the other Party.

S. <u>Interpretation</u>. This Agreement shall be interpreted fairly in light of the intentions of the Parties as set forth in this Agreement. The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Agreement or causing the ambiguity.

T. <u>No Admissions</u>. The execution of this Agreement is not to be construed as an admission of liability by either Party, or an acknowledgement by either Party that the other Party's claims have any basis, but is a compromise and settlement of disputed claims.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the day and year written below.

Anthony H. Mason, Chapter 7 Trustee for the Estate of In re: Michael N. Desvigne, Case No. 2:18-bk-04969-EPB.

_____  Dated: 8-28-18
Anthony H. Mason, Chapter 7 Trustee

_____  Dated: 26 August 2018
Michael N. Desvigne

2629-001 (337564)

4